**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BOGERMAN, etc., | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 13-5247 (FSH) (JBC) |
| v. | **OPINION & ORDER** |
| UNION CARBIDE CORP., | Date: October 15, 2013 |
| Defendant. |  |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Union Carbide Corporation's Motion for Judgment on the Pleadings (Docket No. 4) pursuant to Fed. R. Civ. P. 12(c). Plaintiff has not opposed this motion. The Court considers the motion without oral argument pursuant to Fed. R. Civ. P. 78.

**I. BACKGROUND**

Plaintiff Sandra Bogerman sued individually and on behalf of her deceased husband, Ronald Bogerman, in New Jersey Superior Court, Law Division, Middlesex County, on July 16, 2013. The Complaint alleges the wrongful death of Mr. Bogerman due to exposure to asbestos while performing, among other things, brake repair for the U.S. Air Force and at a facility in Riverdale, New Jersey. Plaintiff alleges that Defendant produced and sold material containing asbestos, which she claims ultimately caused Bogerman's death on November 28, 2009. Defendant Union Carbide removed the action to this Court on August 30, 2013, and moved for

judgment on the pleadings on September 6, 2013.

**II. STANDARD**

Defendant seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The movant must clearly establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir.1988)). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991); *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards …."). Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); see also *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court

must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal quotations and alterations omitted).

Plaintiff has failed to oppose Defendant's Motion for Judgment, or communicate with the Court in any way. One month after the motion was filed, on September 27, 2013, the Court ordered that Plaintiff submit a brief in opposition [Docket No. 6]. Plaintiff did not respond to this order. Despite Plaintiff's failure to brief its position, in ruling on unopposed motions to dismiss, the Third Circuit has "expressed a preference for an assessment of the complaint on the merits … before concluding that the sanction of dismissal is warranted." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011) (internal citations omitted).

## III. DISCUSSION

Defendant argues that Plaintiff's claim for wrongful death, having been commenced more than three years after Plaintiff's husband died, is barred by the two-year statute of limitations on such actions. In a diversity action filed in New Jersey, such as this, New Jersey choice of law rules govern. *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006). New Jersey "requires application of the law of the state with the greatest interest in resolving the particular issue…." *Id.* (quoting *Gantes v. Kason Corp.,* 145 N.J. 478, 484 (1996)). The same test for issues of

3

substantive law is applied where there is a conflict between statutes of limitations. *Cornett v. Johnson & Johnson*, 211 N.J. 362, 373 (2012); *see also O'Boyle v. Braverman*, 337 F. App'x 162, 166 (3d Cir 2009). On the face of the Complaint, all actions took place in New Jersey: Defendant allegedly owned and supervised certain premises containing asbestos, which were located in New Jersey; Plaintiff claims her husband was exposed to asbestos in New Jersey; and Plaintiff's husband died in New Jersey. Although Defendant is a New York corporation, and has its principal place of business in Connecticut [Docket No. 5], no relevant actions, as alleged, took place in either of these states. As the site of the alleged tortuous conduct and injury, New Jersey has the greatest governmental interest and its law governs. *See P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 136 (2008).

The Complaint asserts seven Counts, including negligence, gross negligence, strict products liability, and breach of warranty. Recovery is premised upon New Jersey's wrongful death statute, N.J.S.A. 2A:31-1,[1] the survival statute, N.J.S.A. 2A:15-3, and loss of consortium. Each of these statutes contains a provision that the action shall be "commenced within two years after the death of the decedent, and not thereafter . . . ." N.J.S.A. 2A:31-3; N.J.S.A. 2A:15-3. The Complaint states that Plaintiff died on November 28, 2009, but the Complaint was not filed until July 16, 2013, more than three years later.

All that is required to avoid dismissal on motion for judgment on the pleadings based on a statute of limitations defense is that plaintiff plead the applicability of an equitable doctrine. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994). Defendant argues that, under New Jersey law, the discovery rule may not be applied to wrongful

---

[1] Under the Wrongful Death Act, "[w]hen the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime."

4

death or survival actions, barring these claims. Although there is no New Jersey Supreme Court decision squarely addressing the issue, a number of Appellate Division cases have strictly adhered to a two-year statute of limitations for wrongful death actions. These cases find that death, as a fixed event, provides sufficient notice to render a discovery rule unnecessary. *See Fuqua v. Bristol-Myers Squibb Co.,* 926 F. Supp. 2d 538, 544-45 (D.N.J. Feb. 15, 2013) (listing cases); *Bernoskie v. Zarinsky,* 344 N.J. Super. 160, 165-66 (App. Div. 2001); *Presslaff v. Robins,* 168 N.J. Super. 543, 546 (App. Div. 1979); *Hernandez v. St. James Hosp.,* 214 N.J. Super. 538, 542 (App. Div. 1986); *Whalen v. Young*, 28 N.J. Super. 543, 547 (Law Div. 1953) *rev'd on other grounds,* 15 N.J. 321 (1954). Similar reasoning led the New Jersey Supreme Court to find that an equitable toll did not apply to actions for child support reimbursement which are commenced more than twenty-three years after the fixed event of the child's birth. *R.A.C. v. P.J.S., Jr.,* 192 N.J. 81, 98, 927 A.2d 97, 106 (2007) ("New Jersey courts have not extended the discovery rule to a repose statute that commences and ends on specifically timed events.").

Courts in this district to consider the issue have agreed that the discovery rule does not apply to the New Jersey wrongful death statute because death is a fixed event. *Fuqua,* 926 F. Supp. 2d at 545-45 ("this Court holds that, consistent with state and federal authorities in New Jersey, and a lack of any persuasive policy or legislative rationale to the contrary, the discovery rule does not apply to toll the statute of limitations provision under the Wrongful Death Act."); *Anderson v. County of Monmouth,* No. 05–1809, 2005 WL 3588531, at *9-10 (D.N.J. Dec. 30, 2005) (refusing to apply the discovery rule because, "[u]nlike the two-year limitations period in N.J.S.A. 2A:14-2, which begins to run upon accrual, the Wrongful Death Act statute of limitations period begins to run upon "the death of the decedent, and not thereafter...." N.J.S.A. 2A:31-3."); *Hitchings v. Armstrong World Indus.*, No. 87-2936, 1988 WL 68936, *2 (D.N.J. Jun.

29, 1988) (declining to apply the discovery rule to a wrongful death cause of action). The Court finds these cases persuasive. Because the wording of the statute of limitations for survival actions is identical to that of the wrongful death statute, and likewise commences at death, the same reasoning applies to Plaintiff's survival causes of action. Plaintiff brought these claims more than two years after Mr. Bogerman's death. No opposition having been filed despite this Court's diligent efforts to elicit a response brief to draw to its attention any arguments sought to be raised by Plaintiff, the claims are barred by the statute of limitations.

**IV. CONCLUSION & ORDER**

IT IS, on this 15th day of October 2013, hereby **ORDERED** that Defendant's Motion for Judgment on the Pleadings [Docket No. 4] is **GRANTED;** and

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed; and

**IT IS FURTHER ORDERED** that this case is closed.

**IT IS SO ORDERED**.

s/ **Faith S. Hochberg**
**Hon. Faith S. Hochberg U.S.D.J.**